```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

**JACQUELINE D. CREEKS**

                                  **Plaintiff,**                 **19-CV-10044 (GBD)(SN)**

           -against-                                       **ORDER**

**AROTECH CORPORATION et al.,**

                                **Defendants.**

```
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff filed the complaint in this case on October 30, 2019. ECF No. 1. Defendants waived service, and the time for them to answer or move against the complaint has not expired. See ECF Nos. 4-10. On November 14, 2019, Plaintiffs submitted a letter to the Honorable George B. Daniels requesting expedited discovery to prepare a motion for a preliminary injunction related to a shareholder vote scheduled for December 17, 2019. ECF No. 11. On November 15, 2019, Defendants filed a letter opposing Plaintiff's request. ECF No. 14. Judge Daniels referred to me Plaintiff's motion for expedited discovery. See ECF No. 15.

      Because the complaint alleges violations of the securities laws, the Private Securities Litigation Reform Act, 15 U.S.C., § 78u-4 ("PSLRA"), applies in this case to stay discovery and other proceedings "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." Though Defendants have not yet answered the complaint, they indicate in their submission that they "will be moving to dismiss the complaint in its entirety." See Defs'. Letter 3, ECF No. 14. "There is no dispute that the PSLRA stay of discovery applies

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2019

when an initial motion to dismiss is contemplated, but has not yet been filed." Sedona Corp. v. Ladenburg Thalmann, No. 03-CIV-3120 (LTS)(THK), 2005 WL 2647945, at *2, n.1 (S.D.N.Y. Oct. 14, 2005) (collecting cases). Accordingly, absent the need to preserve evidence or undue prejudice to Plaintiff, discovery is stayed here pending resolution of Defendants' motion to dismiss. See Riggs v. Termeer, No. 03-CIV-4014 (MP), 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003) (staying discovery where time to move against complaint had not expired).

Plaintiff argues, without explanation, that she will be unduly prejudiced by the approaching shareholder vote. See Pl.'s Letter 3, ECF No. 11. This argument is unavailing. Where post-closing remedies are available, courts have rejected the argument that the risk of an uninformed shareholder vote "by itself creates undue prejudice." City of Birmingham Ret. & Relief Sys. v. Armstrong, No. CIV-16-17 (RGA), 2016 WL 880503, at *2 (D. Del. Mar. 1, 2016). Preparation of an anticipated motion for preliminary injunction is also not "a proper basis for a finding of undue prejudice." See Cartica Mgmt., LLC v. CorpBanca S.A., No. 14-CIV-2258 (PKC), 2014 WL 12788656, at *2 (S.D.N.Y. Aug. 1, 2014) (citation omitted). Accordingly, Plaintiff's motion is DENIED without prejudice.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:	New York, New York
	November 20, 2019